PETER GOODMAN, ESQ.
State Bar No. 65975
400 Montgomery Street, Second Floor
San Francisco, California 94104
Telephone: (415) 781-8866
Facsimile: (415) 781-2266

Attorney for Defendant
JAMES MICHAEL BURGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL BURGE,<br><br>Defendant. | No. CR-3-08-70181 MAG<br><br>STIPULATION AND [PROPOSED] ORDER EXCLUDING TIME AND CONTINUING COURT APPEARANCE |

On May 19, 2008, the parties in this case appeared before the Court for a preliminary hearing. The parties requested and the Court agreed to continue the preliminary hearing to June 18, 2008, so that the parties could explore pre-indictment resolution of this case. The parties further stipulated that pursuant to Rule 5.1(d) of the Federal Rules of Criminal Procedure ("FRCP"), the time limits set forth in FRCP 5.1(c) be excluded from May 19, 2008, to and including June 18, 2008. The parties agree that — taking into account the public interest in prompt disposition of criminal cases — good cause exists for this extension. Defendant also agrees to the exclusion for this period of time any time limits applicable pursuant to 18 U.S.C. §3161. The continuance is the reasonable time necessary for continuity of defense counsel and for effective preparation of defense counsel, taking into account the exercise of due

diligence. See 18 U.S.C. §3161(h)(8)(B)(iv). The parties also agree that the ends of justice served by granting the continuance outweigh the bests interests of the pubic and the defendant in a speedy trial under 18 U.S.C. §3161(h)(8)(A).

SO STIPULATED:

DATED: 5/28/08

_____
PETER GOODMAN
Attorney for Defendant
JAMES MICHAEL BURGE

SO STIPULATED:

DATED:

_____
OWEN P. MARTIKAN
Assistant United States Attorney

[PROPOSED] ORDER

For the reasons stated above, the Court finds that the exclusion of time from May 19, 2008, to and including June 18, 2008, is warranted and that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. See 18 U.S.C. §3161(h)(8)(A); FRCP 5,1(d). The failure to grant the requested continuance would deny defendant BURGE continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would result in a miscarriage of justice under 18 U.S.C. §3161(h)(8)(B)(iv).

SO ORDERED.

DATED: June 30, 2008

_____
EDWARD M. CHEN
UNITED STATES MAGISTRATE JUDGE

IT IS SO ORDERED
Judge Edward M. Chen